James W. Johnson

*vs.*

The Columbian National Life Insurance Company.

Cumberland.        Opinion March 23, 1931.

*Coombs & Gould,*
*Hinckley & Hinckley,*
*Sherman I. Gould,*
*Frederick W. Hinckley,* for plaintiff.
*Verrill, Hale, Booth & Ives,*
*Robert Hale,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J. The plaintiff was the holder of a policy of the defendant insurance company, which provided in certain clauses for indemnity for disability caused by accident and in certain other clauses for indemnity for disability caused by disease. Though combined in one policy the two contracts are entirely distinct. On June 8, 1928, while this policy was still in force, the plaintiff suffered an accidental injury to his ankle. He was absent from work for six days, and then continued at his occupation till about the middle of July. His ankle, however, bothered him and from that time on he appears to have done no work. July 13, 1928, the defendant's agent, Cronkite, called at the plaintiff's house to collect a premium and learned of the accident. He had the plaintiff fill out a report and subsequently a proof of loss. On July 16 the plaintiff received a check for $8.57 for indemnity due him for the six days that he had lost immediately following the accident. On the back of this check over the endorsement of the plaintiff was a general release in these words — "In consideration of the payment of this draft, I hereby discharge and release The Columbian National Life Insurance Company from all claims that I myself, my Executors, Administrators, Assigns or Beneficiaries now have or may have on policy No. 381861 on account of Injury received on or about June 15, 1928." There was an error in giving the date of the accident as June 15, but this is entirely immaterial. There is no contention that this release was obtained by fraud or duress, or was invalid when given. About the first of September Cronkite again called at the plaintiff's house, and learned that the plaintiff's ankle was still bothering him. He appears to have suggested to the

plaintiff that he make application for indemnity under the health provisions of the policy on the ground that he had an arthritis. The plaintiff claimed that his condition was due to the accident, but finally signed the application for illness benefits and received payments of ten dollars a week for a period of twelve weeks. X-rays taken October 19 showed that there had been a fracture of one of the bones of the plaintiff's foot, and that there was a condition of arthritis in the ankle. The testimony of the doctors and of those who had treated the plaintiff also indicates that he had a general arthritic condition, which may have been of long standing. Whether the trouble with his ankle was due to this, or to the fracture, or to a combination of the two is in our opinion immaterial. The defendant certainly elected to treat the disability as due to disease.

This suit was brought to recover, not under the health provisions of the policy, but for accident disability. The defendant sets up the release as a bar, and the plaintiff answers that, by making the subsequent payments for illness, the defendant has waived the release. The plaintiff's assumption is that the defendant knew or should have known that the plaintiff was still suffering from the effects of the accident; and he contends that the payments subsequently made to him reopened the question of liability for the accidental injury. The issue is a very simple one — whether the defendant's election to pay illness benefits is evidence of a waiver of the release given to discharge it from liability for accident indemnity, or estops the defendant from setting up such release.

The defendant excepted to the refusal of the trial Justice to direct a verdict in its favor and to the refusal to give certain requested instructions, and also filed exceptions to certain instructions as given. These exceptions have been duly certified to this court together with a general motion for a new trial. As the motion brings before us the same question as the exceptions, we shall consider only the motion.

A waiver of a right is primarily based on the intent of the person possessing it to forego its benefits. This court has defined a waiver as "the voluntary relinquishment of some known right, benefit, or advantage, and which, except for such waiver, the party otherwise would have enjoyed." *Peabody* v. *Maguire*, 79 Me., 572, 585. A

right may likewise be lost by an estoppel. Estoppel is quite different from waiver in that, regardless of intention, one may lose a benefit, because under a particular state of facts it would be inequitable to permit advantage to be taken of it.

In the case which we are here considering, the payment by the defendant of illness indemnity was not a waiver or even evidence of a waiver of its rights under the release. If such payments showed any intent at all with respect to the accident portion of its policy, it was of a purpose to regard that obligation as discharged. The mere fact that the plaintiff claimed that his condition was due to the accident is entirely immaterial. The important consideration is did the defendant intend to give up its rights under the release. This court has held that evidence of such intention must be clear and convincing. *Berman* v. *The Fraternities Health and Accident Association*, 107 Me., 368, 373.

Nor is the plaintiff any better off in seeking to rely on the doctrine of estoppel. To estop the defendant from asserting its rights under its release, it must by some representation have induced the plaintiff to do that which he otherwise would not have done, so that his position with respect to the accident provision of the policy was changed to his detriment. *Allum* v. *Perry*, 68 Me., 232. By accepting the illness indemnity, however, the plaintiff lost no rights which he had previously possessed; his position was in no way changed to his disadvantage.

The defendant may have made the subsequent payments on the policy because it considered that it was legally liable to do so. If so, there is no reason why any of its rights should thereby be prejudiced. Furthermore, it may have been actuated by sympathy, or even by a desire to favor one who had held a policy for some years; but neither the insurer's motives, nor even its belief that the plaintiff's trouble might have been due to the accident, are material except in so far as they indicate an intent to waive its rights under the release.

The jury, which has rendered a verdict for the plaintiff, quite obviously believed that for some reason the payment of the illness indemnity reëstablished the defendant's obligation to pay for in-

juries caused by the accident. There is no evidence on which such a verdict can be sustained. It is manifestly wrong.

*Motion sustained.*
*New trial granted.*