ALLSTATE INSURANCE CO.

v.

Joyce A. MILLS et al.

MAINE BONDING AND CASUALTY COMPANY

v.

Joyce A. MILLS et al.

Supreme Judicial Court of Maine.

Feb. 26, 1980.

Berman, Berman & Simmons, P. A. by Jack H. Simmons (orally), Paul F. Macri, Lewiston, for Allstate Ins. Co.

Norman & Hanson by Robert F. Hanson (orally), Stephen Hessert, Portland, for Maine Bonding.

Cote, Cote & Hamann, P. A., Richard Hamann, Lewiston, for Omer Dumont.

Platz & Thompson, P. A., John M. Whalen (orally), Lewiston, for Michigan Millers.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

On July 16, 1974, Linda Roberts purchased a 1969 Volkswagen with her own money. On the same day, the automobile was added to an insurance policy that Allstate Insurance Company had issued earlier to her husband, Kenneth Roberts, on another automobile that belonged to him. A few days later, Linda and Kenneth Roberts separated. Taking their child, she left their residence in Mechanic Falls, rented a furnished apartment in Norway, and obtained employment. Soon after the separation, she began seeing Dale Mills.

On the morning of August 16, 1974, Dale Mills asked Linda if he could borrow her car to do some errands. She had never before let him drive the car without her being in it, and she asked him what errands he had in mind. Mills explained that he wanted to go to the unemployment office in Lewiston and to a car dealership. Linda testified she let him take the car, telling him to return it by 3:00 or 4:00 p. m. so that she could drive to work. Mills did not inform her that the day before he had received a certified letter from the Secretary of State which he suspected to be a notice of suspension of his operator's license.

Mills drove first to his parents' home in Oxford, then to the residence of his former wife, Joyce Mills. Mills agreed to let his ex-wife accompany him to Lewiston. On the way, Mills stopped at a liquor store and bought a pint of liquor. At some point, Mills pulled over to the side of the road and drank from the pint bottle. During the trip, Mrs. Mills opened the letter and informed Mills that his driver's license had been suspended effective upon receipt of notice. Mills continued to drive, taking a back road to avoid the police. Soon afterward he became involved in a collision with an automobile owned and operated by Omer Dumont. The occupants of both vehicles

were severely injured. Edmond Bouchard, a passenger in the Dumont vehicle, suffered fatal injuries.

Allstate brought an action for declaratory judgment to determine whether the insurance policy issued by it to Kenneth Roberts afforded coverage available to defendants Joyce Mills, Dale Mills, Linda Roberts, and Omer Dumont as administrator of the estate of Edmond Bouchard. Maine Bonding & Casualty Company, which had issued an insurance policy to the parents of Dale Mills, moved to intervene as a plaintiff. Dale Mills was residing with his parents at the time of the accident. Michigan Millers Mutual Insurance Company, the insurer of the Dumont vehicle, moved to intervene as a defendant. Both motions to intervene were granted.

Trial was held in Superior Court, Androscoggin County, beginning on April 19, 1977. With the acquiescence of all counsel, the trial judge submitted the following special interrogatories to the jury:

(1) Was Linda Roberts Harriman a resident of the household of Kenneth Roberts on August 16, 1974?

(2) Was Dale Mills operating the 1969 Volkswagen with the owner's permission at the time of the accident of August 16, 1974?

(3)

(a) Did Dale Mills believe he had permission from the owner to operate the 1969 Volkswagen at the time of the accident of August 16, 1974?

(4) At the time of the accident of August 16, 1974, was Dale Mills operating the 1969 Volkswagen within the scope of the permission granted by the owner of the vehicle?

The response by the jury was unanimously "No" to each of the four interrogatories.

The defendants' motions for directed verdict and judgment n. o. v. were denied, and judgment was entered for the plaintiffs. From that judgment, Omer Dumont, as administrator of the estate of Edmond Bouch-

ard, and Michigan Millers Insurance Company appeal. Plaintiffs have not cross-appealed. We affirm the judgment.

The pertinent provisions of the Allstate policy, which named Kenneth Roberts in the declarations, were as follows:

The following persons are insured under this Section:

.  .  .  .  .

3. Any other person with respect to the owned automobile, provided the use is within the permission of the named insured and within the scope of such permission;

.  .  .  .  .

*Definitions of words used under this Section*

1. *Persons Insured*

.  .  .  .  .

(b) "named insured" means the individual named in the declarations, and his spouse if a resident of the same household;

.  .  .  .  .

2. *Automobiles Covered*

.  .  .  .  .

(b) "owned automobile" means the vehicle described in the declarations .  .

.  .  .  .  .

3. *Miscellaneous*

.  .  .  .  .

(e) "resident" or "reside" means, when used with reference to the named insured's household, bodily presence in such household and an intention to continue to dwell therein .  .  .  .

Maine Bonding & Casualty Company had issued a liability policy to Dale Mills' parents containing the following terms relevant to this case:

*Persons Insured.* The following are insureds under Part 1:

.  .  .  .  .

*with respect to a non-owned automobile,*
(1) the named insured.

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission .  .  .

.  .  .  .  .

Appellants contends that, as a matter of law, the insurance policies issued by the appellees afforded coverage for Dale Mills as operator of the car. They argue that, as a matter of law, under the terms of the Allstate policy Linda Roberts was a named insured because she was the policyholder's spouse and a resident of the same household at the time of the accident. On the hypothesis that Linda was a named insured, appellants argue that her permission sufficed to bring Dale Mills within the coverage of Kenneth Roberts' Allstate policy as an "additional insured".

In view of the jury's response to Interrogatories (2), (3) and (4), finding that Dale Mills was operating the car neither with Linda's permission nor with the belief that he had her permission nor within the scope of her permission, it is unnecessary to review the finding that Linda was not a resident of the same household as Kenneth Roberts. Even if it be assumed that she was, if Dale was driving the car without her permission he was not an additional insured under the terms of the Allstate policy.

Although appellants insist that, as a matter of law, Dale Mills was operating Linda's car at the time of the accident within the scope of her permission and that both policies thus afforded coverage, such a position is contrary to the findings of the jury in response to the special interrogatories. There are no other findings in the record relevant to the question of permission, and we cannot say as a matter of law that the trial court erred in denying defendants' motion for a directed verdict or their motion for judgment notwithstanding the verdict, or in entering judgment for plaintiffs based on the jury's findings, which were supported by competent and credible evidence.

The trial justice did not err in rejecting appellants' arguments based on waiver, *Johnson v. Columbian National Life Ins. Co.*, 130 Me. 143, 154 A. 79 (1931); *Berman v. Fraternities Health & Accident Ass'n.*, 107 Me. 368, 78 A. 462 (1910), or estoppel, *Martin v. Prudential Ins. Co.*, Me., 389 A.2d 28 (1978); *Boston & Maine R. R. v. Hannaford Bros. Co.*, 144 Me. 306, 68 A.2d 1 (1949).

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY and NICHOLS, JJ., did not sit.

ARCHIBALD and DELAHANTY, JJ., sat at oral argument and conference but retired prior to the preparation of the opinion. They have joined the opinion as Active Retired Justices.